1   EAGAN AVENATTI, LLP
    Michael J. Avenatti, State Bar No. 206929
2   mavenatti@eaganavenatti.com
    Scott H. Sims, State Bar No. 234148
3   ssims@eaganavenatti.com
    450 Newport Center Drive, 2nd Floor
4   Newport Beach, CA 92660
    Telephone: 949.706.7000
5   Facsimile: 949.706.7050

6   THE X-LAW GROUP, P.C.
    Filippo Marchino, State Bar No. 256011
7   filippo.marchino@xlawx.com
    Damon Rogers, State Bar No. 263853
8   damon.rogers@xlawx.com
    11100 Santa Monica Blvd., Suite 150
9   Los Angeles, CA 90025
    Telephone: 213.536.4298
10  Facsimile: 213.226.4691

11  Attorneys for Plaintiffs

12                    UNITED STATES DISTRICT COURT

13                   CENTRAL DISTRICT OF CALIFORNIA

14
    MARINA BELTRAN, an individual;
15  MARIA RODRIGUEZ, an individual;          CASE NO: 12  0312 CJC(ANx)
    JANNA HERRERA, an individual;
16  JENNA ANDERLIE, an individual; and       NATIONWIDE AND
    TRASSE FARIA, an individual; on          CALIFORNIA CLASS ACTION
17  behalf of themselves and all others      COMPLAINT FOR:
    similarly situated,
18                                            1. FRAUD/FRAUDULENT
                          Plaintiffs,            CONCEALMENT;
19                                            2. UNFAIR BUSINESS
            vs.                                  PRACTICES (Cal. Bus. &
20                                               Prof. Code § 17200 et seq.)
    ESTEE LAUDER, INC., a Delaware           3. FALSE ADVERTISING (Cal.
21  Corporation; AVON PRODUCTS,                 Bus. & Prof. Code § 17500 et
    INC., a New York Corporation; and          seq.)
22  MARY KAY, INC., a Delaware               4. VIOLATIONS OF
    Corporation,                                CALIFORNIA'S
23                                               CONSUMERS LEGAL
                          Defendants.           REMEDIES ACT; and
24                                            5. INJUNCTIVE RELIEF
25
26                                            DEMAND FOR JURY TRIAL
27
28

Plaintiffs individually and on behalf of all others similarly situated, complain and allege on information and belief, except as to those paragraphs applicable to the named Plaintiffs, which are based upon said named Plaintiffs' personal knowledge, as follows:

## I. OVERVIEW

1.     This class action arises out of the deceptive and misleading conduct of Defendants Estee Lauder, Inc., Avon Products, Inc. and Mary Kay, Inc. in marketing, advertising, selling, promoting and distributing cosmetic products in the United States. Companies that do not test on animals are sometimes referred to as "cruelty free." For years, Defendants marketed and advertised their companies and their cosmetic products as not being tested on animals, when in fact Defendants were testing their cosmetic products on animals so that they could sell products in China and other foreign countries, thereby reaping hundreds of millions of dollars in sales. Defendants later purported to disclose, at least on their websites, that they in fact were animal testing, but the disclosures were wholly inadequate and deceptive.

2.     The named plaintiffs bring this suit individually, and on behalf of all others similarly situated.

3.     As a result of the unfair, unlawful and deceptive practices of Defendants as described herein, Defendants have (a) concealed and misled consumers into believing that Defendants do not test on animals; (b) unfairly, unlawfully and improperly induced consumers into purchasing their Cosmetic Products; (c) advertised, marketed and/or labeled their Cosmetic Products in a way that was misleading in a material respect and/or likely to deceive consumers; and (d) acted to conceal and mislead consumers so as to create a likelihood of confusion regarding their Cosmetic Products.

## II. JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 and 28 U.S.C. § 1332 because there are over 100 members of the proposed class, at least one member of the proposed class has a different citizenship from a defendant and the total matter in controversy exceeds $5,000,000. Venue is proper in the Central District of California because this district is the district in which a substantial part of the events or omissions giving rise to the claims occurred.

## III. PARTIES

5.    Plaintiff Marina Beltran is an individual consumer residing in Los Angeles County, California who, during the proposed Class Period, purchased a multitude of Defendant Avon Products, Inc's ("Avon") Cosmetic Products within Los Angeles County, California.

6.    Plaintiff Maria Rodriquez is an individual consumer residing in Los Angeles County, California who, during the proposed Class Period, purchased a multitude of Defendant Mary Kay, Inc.'s ("Mary Kay") Cosmetic Products within Los Angeles County, California.

7.    Plaintiff Janna Herrera is an individual consumer residing in Orange County, California who, during the proposed Class Period, purchased a multitude of Defendant Estee Lauder, Inc.'s ("Estee Lauder") Cosmetic Products within Southern California.

8.    Plaintiff Jenella Anderlie is an individual consumer residing in Los Angeles, California who, during the proposed Class Period, purchased a multitude of Defendant Estee Lauder, Inc.'s ("Estee Lauder") Cosmetic Products within Los Angeles County, CA.

NATIONWIDE AND CALIFORNIA CLASS ACTION COMPLAINT

9.     Plaintiff Trasse Faira is an individual consumer residing in Kings County, California who, during the proposed Class Period, purchased a multitude of Defendant Estee Lauder, Inc.'s ("Estee Lauder") Cosmetic Products within Southern California.

10.    Defendant Estee Lauder is a Delaware Corporation, headquartered in New York, and registered to do business in California, which manufactured, marketed, advertised, distributed, and/or produced Cosmetic Products during the Class Period in the United States and in the Central District.  At all relevant times, Defendants Estee Lauder sold its Cosmetic Products utilizing a multitude of different brand names (including but not limited to Estee Lauder, Aramis, Clinique, Tommy Hilfinger, M-A-C, Michael Kors, Sean John, Tom Ford, Missioni, Coach, Smashbox, Ermenegildo Zegna, Donna Karan, and Aveda)

11.    Defendant Mary Kay is a Delaware Corporation, headquartered in Texas, and registered to do business in California, which manufactured, marketed, advertised, distributed, and/or produced Cosmetic Products during the Class Period in the United States and in the Central District.

12.    Defendant Avon is a Delaware Corporation, headquartered in New York, and registered to do business in California, which manufactured, marketed, advertised, distributed, and/or produced Cosmetic Products during the Class Period in the United States and in the Central District.

13.    All the aforementioned Defendants shall hereinafter be collectively known and wherever appropriate within this complaint referred to as "Defendants."

## IV.  SUBSTANTIVE ALLEGATIONS

14.    During the Class Period, Defendants marketed their companies as being committed to the elimination of animal testing and "cruelty free."  For a period of time during the Class Period, Defendants advertised and marketed themselves and their Cosmetic Products as being cruelty free, when in fact Defendants and their products were not cruelty free.  Rather, Defendants were animal testing products so that they

1  could sell in China and other foreign markets.  Defendants later placed a representation

2  on their website, and possibly in other forums, purporting to disclose that they were not

3  cruelty free, but that disclosure was wholly inadequate to properly inform consumers.

4      15.   On information and belief, during the Class Period, Defendants made

5  consistent and repeated misleading and/or inadequate representations about their

6  companies and their Cosmetic Products being cruelty free on, by way of example only,

7  their websites, on packaging, in store displays, through paid testimonials, through press

8  releases and in other forms of marketing and advertising, each time representing that

9  the Cosmetic Products sold and distributed were not tested on animals.

10      16.   As a result of the aforementioned representations, Defendants, for over

11  two decades, achieved placement in the "People for the Ethical Treatment of Animals

12  (PETA) - Do Not Test" list, a list of, among others, cosmetic companies that do not test

13  products on live animals.  Defendants were, until a matter of weeks ago, among the

14  largest mainstream corporations to be included on PETA's cruelty-free lists.

15      17.   As a result of being included on the list, as well as many similar lists,

16  Defendants enjoyed the support of PETA and millions of consumers who buy cosmetics

17  only from companies that do not conduct animal testing.

18      18.   Hence, the commercial success of Defendants' products during the Class

19  Period was positively influenced by their direct representations regarding animal

20  testing.  Simply put, Defendants reaped hundreds of millions of dollars in revenue from

21  U.S. consumers who otherwise would not have purchased Defendants' products.

22      19.   With full knowledge regarding the materiality, to an American consumer,

23  of whether a cosmetic company tests on animals, Defendants made a profit motivated

24  decision to enter the Chinese market.  Defendants subsequently began testing certain of

25  their products on animals and/or hired others to conduct animal testing of their

26  products.

27      20.   However, rather than being upfront with American consumers regarding

28  their animal testing policies and adequately disclosing that they were not "cruelty" free,

NATIONWIDE AND CALIFORNIA CLASS ACTION COMPLAINT

Defendants instead failed to inform consumers that they were not cruelty free and/or provided inadequate disclosures regarding the animal testing of their products.

21.     Plaintiffs did not suspect or discover, and through the exercise of reasonable diligence could not have discovered, Defendants' wrongful conduct as described herein until within the last year.  Indeed, as noted above, PETA, a "watchdog" organization as it relates to animal testing, did not take Defendants off its "Do Not Test" until a matter of weeks ago.

22.     Defendants' misleading of the American public was not without motive. In 2011, the Physician's Committee for Responsible Medicine ("PCRM"), a US based non-profit, commissioned random telephone surveys of the United States' general adult public, which asked individuals about their views on the use of animals in cosmetics testing.  In the survey, 72 percent of respondents agreed that testing cosmetics on animals is inhumane or unethical and 61 percent of respondents said that cosmetics and personal care product companies should not be allowed to test products on animals.

23.     On information and belief, the failure of Defendants to adequately inform consumers regarding their animal testing policies was willful, and profit driven, in that Defendants recognized that if Defendants were honest and forthright with their U.S. customer, Defendants would lose significant sales, profits, and market share.

24.     As a result of the deceptive and misleading practices in advertising and marketing the Cosmetic Products, Plaintiffs and those similarly situated purchased Products from the Defendants.

## V.  CLASS ACTION ALLEGATIONS

25.     Plaintiffs bring this action pursuant to Federal Rule of Civil Procedure 23(b)(1), 23(b)(2) and 23(b)(3) on behalf of themselves and a nationwide class of the following classes of persons (all of whom are collectively referred to as the "Class" or "Class Members"):

**The Estee Lauder, Inc. Classes**

i.  All persons in the United States, including those in the State of California, who purchased Cosmetic Products of Estee Lauder, Inc. when Estee Lauder, Inc. was representing that it did not conduct animal testing (and did not ask others to conduct animal testing on its behalf), when in fact Estee Lauder or others acting on its behalf were conducting animal testing.

ii.  All persons in the United States, including those in the State of California, who purchased Cosmetic Products of Estee Lauder, Inc. after Estee Lauder, Inc. began making inadequate disclosures regarding its animal testing policies.

iii.  All persons who purchased Cosmetic Products of Estee Lauder, Inc. in the State of California when Estee Lauder, Inc. was representing that it did not conduct animal testing (and did not ask others to conduct animal testing on its behalf), when in fact Estee Lauder or others acting on its behalf were conducting animal testing.

iv.  All persons who purchased Cosmetic Products of Estee Lauder, Inc. in the State of California after Estee Lauder, Inc. began making inadequate disclosures regarding its animal testing policies.

**The Avon Products, Inc. Classes**

i.  All persons in the United States, including those in the State of California, who purchased Cosmetic Products of Avon Products, Inc. when Avon Products, Inc. was representing that it did not conduct animal testing (and did not ask others to conduct animal testing on its behalf), when in fact Avon Products, Inc. or others acting on its behalf were conducting animal testing.

ii.  All persons in the United States, including those in the State of California, who purchased Cosmetic Products of Avon Products, Inc. after Avon

1    Products, Inc. began making inadequate disclosures regarding its animal
2    testing policies.

3    iii.  All persons who purchased Cosmetic Products of Avon Products, Inc. in
4         the State of California when Avon Products, Inc. was representing that it
5         did not conduct animal testing (and did not ask others to conduct animal
6         testing on its behalf), when in fact Avon Products, Inc. or others acting on
7         its behalf were conducting animal testing.

8    iv.   All persons who purchased Cosmetic Products of Avon Products, Inc. in
9         the State of California after Avon Products, Inc. began making inadequate
10        disclosures regarding its animal testing policies.

11                    **The Mary Kay, Inc. Classes**

12   i.    All persons in the United States, including those in the State of California,
13        who purchased Cosmetic Products of Mary Kay, Inc. when Mary Kay, Inc.
14        was representing that it did not conduct animal testing (and did not ask
15        others to conduct animal testing on its behalf), when in fact Mary Kay, Inc.
16        or others acting on its behalf were conducting animal testing.

17   ii.   All persons in the United States, including those in the State of California,
18        who purchased Cosmetic Products of Mark Kay, Inc. after Mary Kay, Inc.
19        began making inadequate disclosures regarding its animal testing policies.

20   iii.  All persons who purchased Cosmetic Products of Mary Kay, Inc. in the
21        State of California when Mary Kay, Inc. was representing that it did not
22        conduct animal testing (and did not ask others to conduct animal testing on
23        its behalf), when in fact Mary Kay, Inc. or others acting on its behalf were
24        conducting animal testing.

25   iv.   All persons who purchased Cosmetic Products of Mary Kay, Inc. in the
26        State of California after Mary Kay, Inc. began making inadequate
27        disclosures regarding its animal testing policies.

28

26.     Excluded from the Class is any person or entity in which any judge, justice or judicial officer presiding over this matter and members of their immediate families and judicial staff, have any controlling interest.  Excluded from the Class is any partner or employee of Class Counsel.

27.     Plaintiffs reserve the right to modify the definition of the classes after further discovery.

28.     <u>Numerosity of the Class</u>.  The Class is so numerous that joinder of all members in impracticable. While the exact number and identities of Class Members are unknown to Plaintiffs at this time and can only be ascertained through appropriate discovery directed at Defendants, Plaintiffs believe and therefore allege that there are in excess of one million (1,000,000) members of the Class.

29.     <u>Typicality of Claims</u>.  Plaintiffs' claims are typical of those of other Class members, all of whom have suffered similar harm due to Defendants' course of conduct as described herein.

30.     <u>Adequacy of Representation</u>.  Plaintiffs are adequate representatives of the Class and will fairly and adequately protect the interests of the Class and have retained attorneys who are highly experienced in the handling of class actions, and Plaintiffs and their counsel intend to prosecute this action vigorously.

31.     <u>Predominance of Common Questions of Law or Fact</u>.  Common questions of fact and law exist as to all Class Members that predominate over any questions affecting only individual Class Members.  These common legal and factual questions, which do not vary among Class Members, and which may be determined without reference to the individual circumstances of any Class member, include, but are not limited to, the following:

•       Whether Defendants falsely, deceptively, and/or unfairly marketed and/or advertised their Cosmetic Products by marketing or advertising themselves as being cruelty free and/or animal testing free.

- Whether Defendants' disclosures regarding animal testing of their Cosmetic Products were inadequate so as to be false, deceptive, and/or unfair.

- Whether Defendants' conduct was an "unfair practice", within the meaning of the California's Unfair Competition Laws (the "UCL"- California Business & Profession Code section 17200) in that it offends established public policy and is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.

- Whether Defendants' conduct was an "unlawful" practice within the meaning of the UCL.

- Whether Defendants' conduct was a "fraudulent practice", within the meaning of the UCL in that it is likely to mislead consumers.

- Whether Defendants' practices were likely to deceive a consumer acting reasonably in the same circumstances.

- Whether the conduct complained of constitutes a violation of California's Consumer Legal Remedies Act (the "CLRA").

- Whether Defendants' conduct caused harm to the Class.

- Whether injunctive relief is appropriate and necessary to stop Defendants' false, deceptive and/or misleading marketing and/or advertisements related to their animal testing policies.

- Whether the members of the Class are entitled to restitution and/or suffered damages.

32.   _Superiority._  A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because individual litigation of the claims of all Class Members is impracticable.  Requiring each individual class member to file an individual lawsuit would unreasonably consume the amounts that may be recovered.  Even if every Class Member could afford individual litigation, the adjudication of more than a million identical claims would be unduly burdensome to the courts.  Individualized litigation would also present the potential for varying,

inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues.  By contrast, the conduct of this action as a class action, with respect to some or all of the issues presented herein, presents no management difficulties, conserves the resources of the parties and of the court system, and protects the rights of the Class Members.  Plaintiff anticipates no difficulty in the management of this action as a class action.  The prosecution of separate actions by individual Class Members may create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class Members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect her interests.

33.   The prosecution of individual actions by Class Members would also potentially establish inconsistent standards of conduct for Defendants. Defendants have acted in respects generally applicable to the Class, thereby making appropriate final and injunctive relief or corresponding declaratory relief with regard to the members of the Class as a whole, as requested herein, the only avenue to guarantee finality on all issues.

## FIRST CAUSE OF ACTION FOR FRAUD/FRAUDULENT
## CONCEALMENT

34.   Plaintiff restates and realleges paragraphs 1-33 if fully set forth herein.

35.   As alleged herein, Plaintiffs are informed and believes and thereon allege that Defendants have made one of more of the uniform material misrepresentations to Plaintiffs and the Class in the marketing, packaging, or sale of their products as alleged above.   Plaintiffs further are informed and believe that Defendants' fraudulently concealed material information regarding their animal testing policies.

36.     Plaintiff is informed and believes and thereon alleges, that in making the above statements and in concealing material information, Defendants acted fraudulently and deceitfully with knowledge that Plaintiff and the Class would rely on their actions, misstatements, and omissions.  Defendants made the aforesaid material representations and/or concealed material facts in order to induce Plaintiffs and the Class to act in reliance on the misrepresentations and statements.

37.     Plaintiffs and the Class at all times did reasonably and justifiably rely both directly and indirectly on the actions, representations and omissions of Defendants.

38.     As a direct and proximate result of Defendants' fraud, Plaintiffs and the Class have suffered actual damages in an amount not presently known, but which will be shown by proof at time of trial, including incidental and consequential damages, and reasonable attorneys' fees.

39.     Plaintiffs are informed and believe and thereon allege that Defendants undertook the aforesaid illegal acts intentionally or with conscious disregard of the rights of Plaintiffs and the Class, and did so with fraud, oppression, and malice. Therefore, Plaintiffs and the Class are also entitled to recover punitive damages from Defendants in an amount that will be shown by proof at trial.

## SECOND CAUSE OF ACTION FOR
## VIOLATIONS OF CALIFORNIA'S UNFAIR BUSINESS PRACTICE ACT
## (CAL. BUS. & PROF. CODE §17200 et seq.)

40.     Plaintiffs incorporate by reference and reallege paragraphs 1 through 33, as if fully set forth herein.

41.     California Business & Professions Code § 17200 et seq., also known as the California Unfair Competition Law ("UCL"), prohibits acts of "unfair competition," including any unlawful, unfair, fraudulent, or deceptive business act or practice as well as "unfair, deceptive, untrue or misleading advertising."

*DEFENDANTS' ACTS ARE UNLAWFUL*

42.     By engaging in the false, deceptive, and misleading conduct alleged above, Defendants have engaged in unlawful business acts and practices in violation of the UCL by violating state and federal laws, including but not limited to California Business and Professions Code section 17500 et seq., which makes false and deceptive advertising unlawful.

*DEFENDANTS' ACTS ARE UNFAIR*

43.     In addition to being unlawful, Defendants' acts, conduct and practices as alleged above are unfair.  Defendants, through deceptive and misleading advertising and representations, induced Plaintiff and class members to purchase Defendants' Cosmetic Products.  This injury is not outweighed by any countervailing benefits to consumers or competition.

*DEFENDANTS' ACTS ARE FRAUDULENT AND/OR DECEPTIVE*

44.     In addition to being unlawful and unfair, Defendants' acts, conduct and business practices as alleged above are fraudulent and/or deceptive.

45.     As a direct and proximate result of Defendants' unlawful, unfair and fraudulent business practices, Plaintiff and the members of the class have been injured in fact.  They purchased Cosmetic Products in reliance on Defendants' false and misleading advertising and representations to the general public regarding their animal testing policies, and they would not have purchased Defendants' Cosmetic Products had Defendants made adequate disclosures.

46.     Defendants' unlawful, unfair and fraudulent business practices as alleged above present a continuing threat to Plaintiffs, the class and members of the public because Defendants persist and continue to engage in such practices, and will not cease doing so unless enjoined or restrained by this Court.

47.     Under California Business & Profession Code § 17203, Plaintiffs, on behalf of themselves, class members and members of the general public, seek an order of this Court:

      a) Enjoining Defendants from continuing to engage, use, or employ any unlawful, unfair and/or deceptive business act or practice and unfair, deceptive, untrue, or misleading labeling, advertising, promotion, testimonials, or marketing and any act prohibited by California Business Code § 17200 et seq.; and

      b) Restitution of all monies that may have been acquired by Defendants as a result of such unlawful, unfair and/or deceptive acts and/or practices described above.

## THIRD CAUSE OF ACTION FOR
## VIOLATIONS OF CALIFORNIA FALSE ADVERTISING LAW
### (CAL. BUS. & PROF. CODE §17500 et seq.)

48.     Plaintiffs incorporate by reference and reallege paragraphs 1 through 33, as if fully set forth herein.

49.     California Business & Professions Code § 17500 et seq., also known as California False Advertising Law, makes it "unlawful for any person, … corporation or association, or any employee thereof with intent directly or indirectly to dispose of … personal property … or anything of any nature whatsoever … to make or disseminate or cause to be made or disseminated from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatsoever, including over the Internet, any statement, concerning that … personal property … or concerning any circumstance or matter of fact connected with the proposed performance or disposition thereof, which is untrue or misleading, and which is known, or which by the exercise of reasonable case should be known, to be untrue or misleading…"

13

50.     As alleged above, Defendants disseminated or caused to be disseminated deceptive advertising regarding their animal testing policies to the general public through various media. These advertisements were false, misleading and/or inadequate as set forth herein.

51.     Defendants continue to disseminate or cause to be disseminated such false, deceptive and/or inadequate statements as alleged herein.

52.     The false, deceptive and/or inadequate statements regarding Defendants' animal testing policies, as disseminated, or as caused to be disseminated by Defendants, are likely to deceive the consuming public.

53.     While disseminating or causing to be disseminated the false and deceptive statements regarding Defendants' animal testing policy, as alleged above, the Defendants knew or should have known that the statements were false and/or misleading.

54.     As a direct and proximate result of Defendants' false and/or misleading advertising, Plaintiffs and the members of the class have been injured in fact, in that they purchased Cosmetic Products in reliance on Defendants' false and misleading advertising as to Defendants' animal testing policy, that they would not have purchased had the truth been disclosed.

55.     Defendants' false and misleading advertising as alleged above presents a continuing threat to Plaintiff, the Class, and members of the public because Defendants persist and continue to disseminate false and misleading advertising, and will not cease doing so unless and until enjoined or restrained by this Court.

56.     Under California Business & Professions Code § 17535, Plaintiffs, on behalf of themselves, the class members, and members of the general public, seek an order of this Court:

14

a) Enjoining Defendants from continuing to engage, use, or employ any act prohibited by California Business Code § 17500 et seq.; and

b) Restitution of all monies that may have been acquired by Defendants' false and misleading statements in advertisements, promotions, testimonials, and/or marketing, as described herein.

## FOURTH CAUSE OF ACTION FOR
## VIOLATIONS OF CONSUMERS LEGAL REMEDIES ACT
## (CALIFORNIA CIVIL CODE §1750 et seq.)

57.    Plaintiffs incorporate by reference and reallege paragraphs 1-33, as if fully set forth herein.

58.    This cause of action is brought pursuant to California Consumers Legal Remedies Act, California Civil Code § 1750, et seq. ("CLRA")

59.    Plaintiffs are consumers as defined by the CLRA and Defendants are either suppliers and/or sellers as defined by the CLRA.

60.    Defendants' conduct described herein involves consumer transactions as defined by the CLRA.

61.    In violation of the CLRA, Defendants represented to American consumers that they did not conduct animal testing at all, which was false; and/or represented to American consumers that they did not conduct animal testing "except when required by law" without disclosing that no American law requires animal testing.  The latter representation was misleading.

62.    Under California Civil Code § 1780, Plaintiffs, on behalf themselves, the class members, and members of the general public, seek an order of this Court:

(a) Enjoining Defendants from continuing to engage, use, or employ any act prohibited by California Civil Code §1770 et seq.;

(b) Plaintiffs further intend to amend the Complaint pursuant to Civil Code §1782(d) should Defendants not timely comply with the impending preliminary notice to be served in compliance with Civil Code §1782.

## FIFTH CAUSE OF ACTION FOR INJUNCTIVE RELIEF

63.     Plaintiffs restate and reallege paragraphs 1-33 if fully set forth herein.

64.     Plaintiffs and the Class request equitable and injunctive relief in order to stop Defendants' false and misleading advertising described herein.

65.     Injunctive relief is in the public interest.

66.     The foregoing injunction is appropriate because, among other reasons, it is necessary to insure that Class Members do not continue to be deceived by Defendants' conduct.

67.     Equity supports the requested injunctive relief because Defendants committed the acts described above.

68.     As a direct and proximate result of the aforementioned wrongful acts and omissions of Defendants, Plaintiffs and the Class have been deceived and absent injunctive relief, Class Members will continue to be deceived.

69.     Plaintiffs and those similarly situated are subject to irreparable harm absent an injunction.

70.     Plaintiffs and the Class have no adequate remedy at law.

71.     Plaintiffs request a permanent injunction enjoining Defendants from continuing to engage, use, or employ (a) any unlawful, unfair and/or deceptive business act or practice. and (b) any unfair, deceptive, untrue, or misleading labeling, advertising, promotion, testimonials, or marketing.

# VI.  PRAYER

Plaintiffs, on behalf of themselves and on behalf of the Class, respectfully pray for judgment against Defendants as follows:

1.     That the Court determine that the relevant claims in this complaint may be maintained as a class action under Federal Rule of Civil Procedure 23.

2.     For an Order finding and declaring Defendants' acts and practices as challenged herein unlawful, unfair, deceptive and/or fraudulent;

3.     For an Order preliminarily and permanently enjoining Defendants from engaging in the practices complained and alleged herein;

4.     For an Order requiring Defendants to make restitution of all revenues, earnings, compensation and benefits obtained as a result of Defendants' wrongful conduct;

5.     For compensatory damages in an amount in excess of $100 million, with the exact amount to be proven at trial;

6.     For punitive damages in an amount to punish Defendants for their conduct and dissuade Defendants from engaging in similar conduct in the future, in an amount to be proven at trial;

7.     For prejudgment and post judgment interest to the extent permitted by law;

8.     For an award of attorney's fees, costs, and expenses incurred in the investigation, filing, and prosecution of this action to the extent permitted by law; and

9.     For such other and further relief as the Court deems just and proper.


Dated:  February 28, 2012                           EAGAN AVENATTI, LLP


                                                   By:  _Michael J. Avenatti_
                                                        Michael J. Avenatti
                                                        Attorneys for Plaintiffs

17

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.


Dated:  February 28, 2012                    EAGAN AVENATTI, LLP


                                      By:   _Michael J. Avenatti_
                                             Michael J. Avenatti
                                             Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Cormac J. Carney  and the assigned discovery Magistrate Judge is Arthur Nakazato.

The case number on all documents filed with the Court should read as follows:

## SACV12- 312 CJC (ANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] Western Division | [X] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)       NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
Michael J. Avenatti, Bar No. 206929
Scott H. Sims, Bar No. 234148
EAGAN AVENATTI, LLP
450 Newport Center Drive, Second Floor
Newport Beach, CA 92660

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARINA BELTRAN, an individual;<br><br>SEE ATTACHMENT FOR ADDITIONAL PARTIES<br><div align=right>PLAINTIFF(S)</div><br><div align=center>v.</div><br>ESTEE LAUDER, INC., a Delaware Corporation;<br>AVON PRODUCTS, INC., a New York Corporation;<br>and MARY KAY, INC., a Delaware Corporation,<br><div align=right>DEFENDANT(S).</div> | CASE NUMBER<br><br>SACV12 0312 CJC(ANx)<br><br><br><br><div align=center>**SUMMONS**</div> |

TO:     DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney,  Michael J. Avenatti _____, whose address is  Eagan Avenatti, LLP, 450 Newport Center Drive, 2nd Floor, Newport Beach, CA 92660 . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

FEB 2 8 2012

Dated: _____

Clerk, U.S. District Court

JULIE PRADO

By: _____
            Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

# ATTACHMENT TO SUMMONS

## ADDITIONAL PLAINTIFFS

MARIA RODRIQUEZ, an individual;
JANNA HERRERA, an individual;
JENNA ANDERLIE, an individual;
TRASSE FARIA, an individual; on
behalf of themselves and all others
similarly situated,

Name & Address:
Michael J. Avenatti, Bar No. 206929
Scott H. Sims, Bar No. 234148
EAGAN AVENATTI, LLP
450 Newport Center Drive, Second Floor
Newport Beach, CA 92660

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARINA BELTRAN, an individual;<br><br>SEE ATTACHMENT FOR ADDITIONAL PARTIES<br>PLAINTIFF(S)<br>v.<br>ESTEE LAUDER, INC., a Delaware Corporation;<br>AVON PRODUCTS, INC., a New York Corporation;<br>and MARY KAY, INC., a Delaware Corporation,<br>DEFENDANT(S). | CASE NUMBER<br><br>SACV12 0312 CJC(ANx)<br><br><br>**SUMMONS** |

TO:     DEFENDANT(S):

        A lawsuit has been filed against you.

        Within __21__ days after service of this summons on you (not counting the day you received it), you
must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint
☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer
or motion must be served on the plaintiff's attorney, _Michael J. Avenatti_____, whose address is
_Eagan Avenatti, LLP, 450 Newport Center Drive, 2nd Floor, Newport Beach, CA 92660_. If you fail to do so,
judgment by default will be entered against you for the relief demanded in the complaint.  You also must file
your answer or motion with the court.

FEB 2 8 2012

Clerk, U.S. District Court

Dated: _____

By: _____
     Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed
60 days by Rule 12(a)(3)].*

CV-01A (10/11                          **SUMMONS**

# ATTACHMENT TO SUMMONS

## ADDITIONAL PLAINTIFFS

MARIA RODRIQUEZ, an individual;
JANNA HERRERA, an individual;
JENNA ANDERLIE, an individual;
TRASSE FARIA, an individual; on
behalf of themselves and all others
similarly situated,

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)<br>Marina Beltran, an individual; Maria Rodriquez, an individual; Janna Herrera, an individual; Jenna Anderlie, an individual; and Trasse Faria, an individual; on behalf of themselves and all others similarly situated | **DEFENDANTS**<br>Estee Lauder, Inc., a Delaware Corporation, Avon Products, Inc., a New York Corporation; and Mary Kay, Inc., a Delaware Corporation |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Eagan Avenatti, LLP, 450 Newport Center Drive, Second Floor, Newport Beach, CA 92660; The X-Law Group, P. C., 11100 Santa Monica Blvd., Suite 150, Los Angeles, CA 90025 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes   ☐ No   ☑ **MONEY DEMANDED IN COMPLAINT:** $ In excess of $100 million

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. Section 1332; Unfair Business Practices; False Advertising; Violations of CLRA; Fraud; Injunctive Relief

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☑ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

SACV12 0312

**FOR OFFICE USE ONLY:**   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                              CIVIL COVER SHEET                              Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
   ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
   ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
   ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles (Beltran, Rodriquez, Anderlie)<br>Orange (Herrera) | Kings (Faria) |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Texas (Mary Kay)<br>New York (Estee Lauder and Avon) |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles |  |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): *Michael J. Avenatti*   Date February 28, 2012

Notice to Counsel/Parties:   The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |