UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-00312-CJC(ANx)                                  Date:  June 28, 2012

Title: <u>ASHLEY STANWOOD, ET AL. V. THE ESTEE LAUDER COMPANIES, INC., ET AL.</u>

PRESENT:

**<u>HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE</u>**

<u>Michelle Urie</u>                                             <u>   N/A   </u>
Deputy Clerk                                                Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                                None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS WITH LEAVE TO AMEND; SEVERING CLAIMS AGAINST DEFENDANTS** [filed 05/14/12]

Having read and considered the papers presented by the parties, the Court finds these matters appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearings set for July 2, 2012 at 1:30 p.m. are hereby vacated and off calendar.

**I. Introduction and Background**

On February 28, 2012, Plaintiffs brought this nationwide putative class action against three cosmetic companies, alleging that Defendants defrauded American consumers by marketing and advertising their products as being free of animal testing when, in fact, they tested on animals. (Dkt. No. 1.) On March 22, 2012, Plaintiffs dismissed without prejudice Defendant Avon Products, Inc. ("Avon"). (Dkt. No. 15.)[1] On April 16, 2012, Plaintiffs Ashley Stanwood, Janna Herrera, Jenella Anderlie, and Trasse Faira (collectively, "Plaintiffs") filed the operative First Amended Complaint ("FAC") against The Estee Lauder Companies, Inc. and Estee Lauder, Inc. (collectively,

---

[1] The next day, Plaintiff Marina Beltran filed a similar nationwide class action against Avon. (*See* Case No. 2:12-cv-02502).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-00312-CJC(ANx)                                 Date: June 28, 2012
                                                                Page 2

"Estee Lauder") and Mary Kay, Inc. ("Mary Kay").  (Dkt. No. 32.)[2]  Plaintiffs allege that Defendants engaged in long-term marketing and advertising campaigns touting themselves as companies that did not test their products on animals when, in fact, they did conduct such testing.  (FAC ¶¶ 14, 22.)  Plaintiffs also allege that Defendants placed inadequate and misleading representations on their websites regarding animal testing.  (*Id.* ¶ 20.)  Plaintiffs allege that Defendants profited millions of dollars from U.S. consumers, including Plaintiffs, who would not have purchased any products from companies that tested their products on animals.  (*Id.* ¶ 21.)  Plaintiffs, individually and on behalf of others similarly situated, assert five claims against Defendants for:  (1) fraud/fraudulent concealment, (2) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.*, (3) violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500 *et seq.*, (4) violation of the California Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq.*, and (5) injunctive relief.  Plaintiffs request, *inter alia*, declaratory and injunctive relief, restitution, compensatory damages, and punitive damages.

    On May 14, 2012, Estee Lauder moved to dismiss the FAC in its entirety as to Estee Lauder under Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), 9(b), and 20 or, in the alternative, to dismiss Plaintiffs' requests for restitution and punitive damages.  (Dkt. No. 36.)  Estee Lauder concurrently moved to strike the class allegations in the FAC pursuant to Rules 12(f) and 23.  (Dkt. No. 37.)  On the same date, Mary Kay moved to dismiss the FAC in its entirety as to Mary Kay pursuant to Rules 12(b)(1), 12(b)(6), and 9(b) or, in the alternative, to dismiss or strike the class allegations.  (Dkt. No. 35.)  For the reasons discussed below, Defendants' motions to dismiss are GRANTED.

**II.  Motions to Dismiss**

    **A.  Standing under Rule 12(b)(1)**

    Estee Lauder and Mary Kay move to dismiss under Rule 12(b)(1) on the ground that Plaintiffs have failed to allege a particularized injury in fact required for standing under Article III of the United States Constitution and therefore cannot establish subject

---

[2] Plaintiff Stanwood asserts claims only against Mary Kay.  Plaintiffs Herrera, Anderlie, and Faira assert claims only against Estee Lauder.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-00312-CJC(ANx)                          Date: June 28, 2012
                                                                                                      Page 3

matter jurisdiction.[3] "To satisfy the constitutional requirements of standing, the plaintiff must have suffered an 'injury in fact' – and invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Stickrath v. Globalstar, Inc.*, 527 F. Supp. 2d 992, 995 (N.D. Cal. 2007)(quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)) (quotes omitted). The UCL, FAL, and CRLA also have independent requirements that a plaintiff suffer "injury" or "damage" "as a result of" the defendant's unlawful or deceptive practices. Cal Bus. & Prof. Code §§ 17204, 17535; Cal. Civ. Code § 1780(a). Here, Plaintiffs have not pleaded a sufficiently concrete injury to a legally protected interest. Plaintiffs only allege in general terms that they purchased a "multitude" of Estee Lauder's and Mary Kay's products in reliance on alleged misrepresentations regarding animal testing and would not otherwise have done so. However, Plaintiffs do not allege they relied on any particular affirmative misrepresentation or actionable omission, that they purchased any specific product in reliance on those misrepresentations or omissions, or that they suffered a personal, concrete, and palpable injury resulting from those purchases. Because the Court cannot say with certainty at this time whether any further amendment would be futile as to standing, Plaintiffs' claims against Defendants are DISMISSED WITH LEAVE TO AMEND.

### B. Fraud, UCL, FAL, and CLRA under Rules 12(b)(6) and 9(b)

Estee Lauder and Mary Kay further move to dismiss Plaintiffs' fraud-based claims pursuant to Rule 12(b)(6) and 9(b). A party may move to dismiss a claim under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) dismissal may be based on the lack of a cognizable legal theory or on the basis of insufficient facts alleged under a cognizable legal theory. *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008); *Navarro v.* Block, 250 F.3d 729, 732 (9th Cir. 2001). When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true and construe them in the light most favorable to the nonmoving party. *Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994). Rule 12(b)(6) is read in conjunction

---

[3] Defendants thus mount a facial, rather than a factual, jurisdictional challenge. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial challenge, the Court determines whether the allegations, on their face, are sufficient to invoke jurisdiction by accepting as true all material allegations in the complaint and construing them in favor of the party asserting jurisdiction. *See id*; *Warth v. Seldin*, 422 U.S. 490, 501 (1975).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-00312-CJC(ANx)                                  Date: June 28, 2012
                                                                 Page 4

---

with Rule 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).  Dismissal of a complaint for failure to state a claim is not proper where a plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In keeping with this liberal pleading standard, the district court should grant the plaintiff leave to amend if the complaint can possibly be cured by additional factual allegations.  *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

　　　Where plaintiff alleges fraudulent conduct and relies on that conduct as a basis of a claim, that claim is "grounded in fraud" or "sound[s] in fraud," and is subject to the heightened pleading standard under Federal Rule of Civil Procedure 9(b).  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1122 (9th Cir. 2009) (applying Rule 9(b) standard to CLRA and UCL claims); *Vess v. Ciba-Geigy Corp., U.S.A.*, 317 F.3d 1097, 1103–104 (9th Cir. 2003).  Fraud is an essential element of the UCL, FAL, and CLRA claims, and the plaintiff must "state with particularity the circumstances constituting fraud," Fed. R. Civ. P. 9(b); *Kearns*, 567 F.3d at 1127, including the "the time, place and specific content of the false representations as well as the parties to the misrepresentations."  *Vess*, 317 F.3d at 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).  Fraud claims must be accompanied by the "who, what, when, and how" of the fraudulent conduct charged.  *Vess*, 317 F.3d at 1106 (citations and quotes omitted).

　　　The Court finds that Plaintiffs have not alleged particularized facts to support their fraud-based claims under Rule 9(b)'s heightened pleading standard.  Plaintiffs only allege in general terms that "[s]ince approximately 1990, Defendants each engaged in extensive and long-term marketing and advertising campaigns touting themselves as companies that do not test any of their products on animals."  (FAC ¶ 1.)  Plaintiffs allege that during the class period, Mary Kay and Estee Lauder each represented to the People for the Ethical Treatment of Animals ("PETA"), on their websites, and to their sales forces or retailers that they do not and would not test on animals.  (*Id.* ¶¶ 15, 17.)  Plaintiffs additionally allege that Mary Kay made such representations to the Coalition for Consumer Information of Cosmetics (the "Coalition").  (*Id.* ¶ 15.)  Plaintiffs also allege that Defendants made misleading and inadequate representations on their website and "on packaging, in store displays, through paid testimonials, through press releases and in other forms of marketing and advertising."  (*Id.* ¶¶ 19, 20.)  However, Plaintiffs do not identify the particular content or circumstance—the who, what, when, and how—surrounding a misrepresentation or omission made by Defendants and upon which

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-00312-CJC(ANx)            Date: June 28, 2012
                                                                                  Page 5

Plaintiffs specifically relied in purchasing Defendants' products. Plaintiffs also only allege in general terms that Plaintiff Stanwood purchased a "multitude" of Mary Kay's cosmetic products and that Plaintiffs Herrera, Anderlie, and Faira also purchased a "multitude" of Estee Lauder's cosmetic products. (*Id.* ¶¶ 5–8.) But Plaintiffs fail to provide any specifics regarding Defendants' products that they individually purchased— information that is presumably within their knowledge. Plaintiffs also do not allege with sufficient particularity that Defendants' omissions contradicted certain affirmative misrepresentations or that they had a legal duty to disclose certain information to assert a claim for fraudulent concealment. *See Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1141 (9th Cir. 2012). Plaintiffs further impermissibly conflate allegations against Defendants without setting forth individualized allegations against Estee Lauder and Mary Kay. (*See* FAC ¶¶ 1, 14, 19–27.) Because Plaintiffs' claims for fraud and violations of the UCL, FAL, and CLRA are all predicated on deficient allegations of misrepresentations or omissions by Defendants, all of Plaintiffs' fraud-based claims fail.[4]

    **C. Injunctive Relief**

Estee Lauder and Mary Kay move to dismiss Plaintiffs' fifth claim for injunctive relief on the ground that it is not a free-standing claim, but a remedy. The Court agrees with Defendants. *See Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010) ("An injunction is a remedy, not a separate claim or cause of action.") Moreover, because Plaintiffs' injunctive relief is predicated on their other claims, which the Court has determined are deficient, their claim for injunctive relief must also be dismissed.

---

[4] The UCL prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. The UCL provides a separate theory of liability under the "unlawful," "unfair," or "fraudulent" prong. *Lozano v. AT & T Wireless Servs., Inc.*, 504 F.3d 718, 731 (9th Cir. 2007). Plaintiffs' UCL claim under the "fraudulent" prong fails for the reasons discussed above. Additionally, Plaintiffs' UCL claim under the "unlawful" prong, which borrows violations of other laws and treats them as independently actionable under the UCL, *Farmers Ins. Exch. v. Super. Ct.*, 2 Cal. 4th 377, 383 (1992), also fails because they do not assert a viable predicate statutory violation. Finally, Plaintiffs' UCL claim fails under the "unfair" prong in the consumer context because they are not "tethered to specific constitutional, statutory or regulatory provisions" that are sufficiently pled. *Drum v. San Fernando Valley Bar Ass'n*, 182 Cal. App. 4th 247, 257 (2010).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 12-00312-CJC(ANx)                                     Date: June 28, 2012
                                                                                                                          Page 6

---

    **D.  Misjoinder under Rule 20**

    Estee Lauder additionally moves to dismiss the FAC on the ground that claims against Defendants have been improperly joined under Rule 20.  Under the permissive joinder rule, defendants may be joined in one action when (1) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and (2) any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2); *see also Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997).  Where there is misjoinder, Rule 21 provides that "[o]n motion or its own, the court may at any time, on just terms, add or drop a party," and "[t]he court may also sever any claim against a party."  Fed. R. Civ. P. 21; *see also Coughlin*, 130 F.3d at 1350 ("If the test for permissive joinder is not satisfied, a court, in its discretion, may sever the misjoined parties, so long as no substantial right will be prejudiced by the severance.")  However, "[m]isjoinder of parties is not a ground for dismissing an action."  Fed. R. Civ. P. 21.  Where a party is dropped, *i.e.*, severed under Rule 21, that party may be dismissed without prejudice from the present suit, and a new, separate lawsuit may be instituted by or against that party.  *Coughlin*, 130 F.3d at 1350.

    The Court agrees with Estee Lauder that Plaintiffs have not satisfied the requirements for joinder, as there are no allegations in the FAC for joint or several liability or assertion of claims arising from a common transaction or occurrence.  In their Opposition, Plaintiffs do not specifically address Estee Lauder's argument but state that they do not object to the Court severing the case against Estee Lauder and Mary Kay.  Accordingly, the Court hereby SEVERS Plaintiffs' claims against Estee Lauder and Mary Kay.

///
///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-00312-CJC(ANx)　　　　　　　　　　Date: June 28, 2012
　　　　　　　　　　　　　　　　　　　　　　　　　　Page 7

### IV. Conclusion

For the foregoing reasons, Estee Lauder's and Mary Kay's motions to dismiss the FAC are GRANTED WITH LEAVE TO AMEND, and **IT IS HEREBY ORDERED AS FOLLOWS:**

**(1)**  The FAC is dismissed in its entirety without prejudice as to Estee Lauder and Mary Kay;

**(2)**  Defendants' motions to strike class allegations in the FAC are DENIED as moot;

**(3)**  Plaintiffs' claims against Estee Lauder and Mary Kay are severed;

**(4)**  Estee Lauder is DISMISSED WITHOUT PREJUDICE from the instant case, and any amended complaint against Estee Lauder shall be filed in a separate action under the same presiding judge and the same magistrate judge;

**(5)**  Any amended complaint against Mary Kay shall be filed in the present case;

**(6)**  Plaintiffs shall have twenty (20) days from the date of this minute order to file a separate amended complaint against Estee Lauder and Mary Kay consistent with the Court's ruling, and Defendants shall have (20) days thereafter to respond; and

**(7)**  The cases against Estee Lauder and Mary Kay, along with *Beltran v. Avon* (Case No. 2:12-cv-02502), are deemed related for administrative efficiency.

**IT IS SO ORDERED.**

jwp

MINUTES FORM 11
CIVIL-GEN　　　　　　　　　　　　　　　　　　　　　　　　　Initials of Deputy Clerk MU