~~M. SEAN ROYALL (*pro hac vice*)~~
~~SRoyall@gibsondunn.com~~
~~GIBSON, DUNN & CRUTCHER LLP~~
~~1600 McKinney Ave., Suite 1100~~
~~Dallas, Texas 75201~~
~~Telephone: 214.698.3100~~
~~Facsimile: 214.571.2900~~

~~THEANE EVANGELIS (SBN 243570)~~
~~TEvangelis@gibsondunn.com~~
~~JAMES L. ZELENAY, JR. (SBN 237339)~~
~~JZelenay@gibsondunn.com~~
~~BRADLEY J. HAMBURGER (SBN 266916)~~
~~BHamburger@gibsondunn.com~~
~~GIBSON, DUNN & CRUTCHER LLP~~
~~333 South Grand Avenue~~
~~Los Angeles, California 90071-3197~~
~~Telephone: (213) 229-7726~~
~~Facsimile: (213) 229-6726~~

~~Attorneys for Defendant~~
~~MARY KAY INC.~~

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| ASHLEY STANWOOD,<br><br>Plaintiffs,<br><br>v.<br><br>MARY KAY INC.,<br>Defendant. | CASE NO. SACV 12-0312 CJC (ANx)<br><br>~~[PROPOSED]~~ **STIPULATED CONFIDENTIALITY ORDER**<br><br>Judge: Hon. Cormac J. Carney<br>Magistrate Judge: Hon. Arthur Nakazato |

## [~~PROPOSED~~] STIPULATED CONFIDENTIALITY ORDER

**A.     Purposes and Limitations**

Defendant believes that disclosure and discovery activity in this Action are likely to involve production of confidential, proprietary, trade secret, and/or private information for which special protection from public disclosure and from use for any purpose other than litigating this action would be warranted. Plaintiff is without sufficient information to form a belief as to whether that is the case.

Accordingly, the Parties stipulate to and petition the Court to enter the following Stipulated Confidentiality Order.

**B.     Definitions**

1.     <u>Party</u>: any party to this action, including all of its officers, directors, employees.

2.     <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored or maintained (including, among other things, initial disclosures, responses to discovery requests, all deposition testimony and exhibits, transcripts, tangible things, or information derived directly therefrom), that are produced or generated in disclosures or responses to discovery, or pursuant to any stipulation or agreement between or among the Parties, in this matter.

3.     <u>CONFIDENTIAL Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things that any Designating Party reasonably believes is entitled to confidential treatment under Fed. R. Civ. P. 26(c).

4.     <u>HIGHLY CONFIDENTIAL Information or Items</u>: extremely sensitive "CONFIDENTIAL Information or Items" the disclosure of which would create a substantial risk of serious harm to the competitive position of the Designating Party that could not be avoided by less restrictive means. Defendant believes such items may include: (i) marketing, financial, sales, research and development, or technical data or information; (ii) commercially sensitive competitive information, including,

without limitation, information obtained from a nonparty pursuant to a current Nondisclosure Agreement; (iii) information relating to future business/strategic plans, sales and financial projections, product development and design, and future sales and financial projections; (iv) trade secret, or other confidential research and development information; and (v) commercial agreements, settlement agreements, or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the producing party.

5. <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

6. <u>Producing Party</u>: a Party or non-party, including but not limited to a third-party subpoena recipient, that produces Disclosure or Discovery Material in this matter.

7. <u>Designating Party</u>: a Party or non-party, including but not limited to a third-party subpoena recipient, that designates information or items that it produces in disclosures or in responses to discovery as CONFIDENTIAL or HIGHLY CONFIDENTIAL.

8. <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL.

9. <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

10. <u>In-House Counsel</u>: attorneys who are employees of a Party.

11. <u>Counsel (without qualifier)</u>: Outside Counsel and In-House Counsel (as well as their support staffs).

12. <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to this action who has been retained by a Party or its Counsel to serve as an expert witness or as an investigator or consultant in this action. This definition includes a professional jury or trial consultant retained in connection with this action, and all persons within the Expert's organization.

13. <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

C. **Scope**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, abstracts, excerpts, summaries, reproductions, or compilations thereof, plus testimony or conversations or presentations by the Parties or Counsel in settings that reveal Protected Material (collectively, "Secondary Materials"). The protections conferred by this Stipulation and Order do not, however, cover disclosure or use of Protected Material at trial in this action. The Parties agree to meet and confer in good faith regarding the potential proposed protection, if any, to be afforded to Protected Material at trial, at least sixty (60) calendar days prior to trial. If the parties are able to reach agreement they shall submit such proposed procedures to the Court for its approval or modification. If the parties are unable to reach agreement in whole or in part regarding the protection, if any, to be afforded to Protected Material at trial, the party seeking protection shall file a Motion with the Court and set it for hearing at least twenty-one (21) calendar days before trial.

D. **Duration**

This Order shall remain in force and effect until modified, superseded, or terminated by order of the Court.

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees in writing or this Court orders otherwise.

For the purpose of enforcement of the provisions of this Order, this Court shall retain jurisdiction over the Parties and all persons who agree to be bound by this Order following the conclusion of this action.

### E. **Designating Protected Material**

1. <u>Documents That May Be Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL</u>. Any party may designate documents as CONFIDENTIAL or HIGHLY CONFIDENTIAL upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, medical or psychiatric information, trade secrets, personnel records, financial or competitive information, or such other sensitive commercial information that is not publicly available.

2. <u>Form and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation of Protected Material in conformity with this Order requires:

(a) For information in documentary form (apart from transcripts of depositions), that the Designating Party affix the legend CONFIDENTIAL or HIGHLY CONFIDENTIAL on the face of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Designating Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). If all material on a given page is protected, the Designating Party does not need to make any additional markings other than the legend CONFIDENTIAL or HIGHLY CONFIDENTIAL.

(b) In the case of interrogatory answers and responses to requests for admissions, if appropriate, designation of CONFIDENTIAL or HIGHLY CONFIDENTIAL information shall be made by means of a statement in the answers or responses specifying that the answers or responses, or specific parts thereof, are

CONFIDENTIAL or HIGHLY CONFIDENTIAL. The following legend shall be placed on each page of interrogatory answers or responses to requests for admission where appropriate: "CONTAINS CONFIDENTIAL INFORMATION" or "CONTAINS HIGHLY CONFIDENTIAL INFORMATION."

   (c) A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed Protected Material, as if marked CONFIDENTIAL or HIGHLY CONFIDENTIAL. After the inspecting Party has identified the documents it wants copied and produced, the Designating Party must determine which documents, or portions thereof, qualify for protection under this Order; then, before producing the specified documents, the Designating Party must affix the legend CONFIDENTIAL or HIGHLY CONFIDENTIAL on the face of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Designating Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). If all material on a given page is protected, the Designating Party does not need to make any additional markings other than the legend CONFIDENTIAL or HIGHLY CONFIDENTIAL.

   (d) For testimony given in a deposition, the Designating Party shall either identify all portions of protected testimony on the record before the close of the deposition, or provide written notice of the designation to the Parties and any other affected person within ten (10) days after the Counsel of the Party who offered or sponsored the testimony receives the deposition transcript and exhibits.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix on the face of each such page the legend CONFIDENTIAL or HIGHLY CONFIDENTIAL, as instructed by the Designating Party.

The Parties shall treat all deposition testimony as protected to the fullest extent under this Order until the expiration of ten (10) days after the receipt by Counsel of the deposition transcript and exhibits. The Parties may modify this procedure for any particular deposition through agreement on the record at such deposition, or otherwise by written stipulation, without approval of the Court.

(e) For information produced in some tangible form other than documentary, the Designating Party shall affix the legend CONFIDENTIAL or HIGHLY CONFIDENTIAL in a prominent place on the exterior of the container or containers in which the information or item is stored. If only portions of the information or item warrant protection, the Designating Party, to the extent practicable, shall identify the protected portions.

To the extent that matter stored or recorded in the form of electronic or magnetic media (including information, files, databases, or programs stored on any digital or analog machine-readable device, computers, discs, networks or tapes) ("Computerized Material") is produced in such form, the Producing Party may designate such matter CONFIDENTIAL or HIGHLY CONFIDENTIAL by cover letter referring generally to such matter or by affixing to such media a label with the legend "CONTAINS CONFIDENTIAL INFORMATION" or "CONTAINS HIGHLY CONFIDENTIAL INFORMATION."

Whenever a Party to whom Computerized Material designated as "CONTAINS CONFIDENTIAL INFORMATION" or "CONTAINS HIGHLY CONFIDENTIAL INFORMATION" reduces such material to hard-copy form, such party shall mark such hard-copy form with the same label.

(f) To the extent that any Party or Counsel creates, develops, or otherwise establishes on any digital or analog machine-readable device, recording media, computer, disc, network, tape, file, database or program information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL, that Party and its Counsel must take all necessary steps to ensure that access to such media is properly

restricted to those persons who, by the terms of this Order, may have access to CONFIDENTIAL or HIGHLY CONFIDENTIAL information, and will affix to any media containing such information a label with the legend "CONTAINS CONFIDENTIAL INFORMATION" or "CONTAINS HIGHLY CONFIDENTIAL INFORMATION."

3. <u>Withdrawing a Designation</u>. If it comes to a Designating Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Designating Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

4. <u>Inadvertent Failures to Designate</u>. Whether the inadvertent failure to designate information or items as CONFIDENTIAL or HIGHLY CONFIDENTIAL waives the Designating Party's right to secure protection for such material under this Order or otherwise shall be determined pursuant to any applicable law. The Receiving Party, on notification by the Designating Party that Designating Party allegedly inadvertently did not mark material CONFIDENTIAL or HIGHLY CONFIDENTIAL, must thereafter make good faith efforts to assure that the material is treated in accordance with the provisions of this Order, unless the Court orders otherwise.

5. <u>Inadvertent Production of Information Subject to Privilege, Work Product Protection or Other Protection</u>. If the Producing Party asserts a claim of inadvertent production of privileged material, work product protected material or protected trial preparation material to the Receiving Party, the parties shall follow the procedures set forth in Fed. R. Civ. P. 26(b)(5)(B). Whether the failure to designate material as privileged, work product protected or protected trial preparation material waives any such protection shall be governed by applicable law, including Fed. R. Civ. P. 26, Fed. R. Evid. 502, and any other applicable law. Additionally, if the Receiving Party believes the Producing Party has inadvertently produced material

that is protected by privilege, work product protection, or as trial preparation material, the Receiving Party shall comply with applicable ethical obligations.

F.  **Challenging Confidentiality Designations**

 1. <u>Meet and Confer</u>. A Receiving Party that believes in good faith that a Designating Party's confidentiality designation is improper must notify Outside Counsel for the Designating Party in writing, identifying the challenged material and stating that it does not accept the Designating Party's designation. Thereafter, within fourteen (14) calendar days, the parties shall meet and confer in good faith in an effort to resolve the issue.

 2. <u>Judicial Intervention</u>. A Receiving Party that elects to press a challenge to a confidentiality designation after considering the justification offered in meet and confer efforts by the Designating Party must provide written notice to the Designating Party that identifies the material that continues to be challenged. The parties shall thereafter follow the procedures for discovery disputes outlined in Local Rule 37, with the Designating Party providing the Receiving Party its portion of the Joint Stipulation within twenty-one (21) days of receiving the Receiving Party's notice as to what material remains challenged. The parties shall then follow the rules outlined in Local Rule 37. On such a motion, the Designating Party shall bear the burden of demonstrating that information should be treated as confidential under the terms of this order or otherwise. Until the Court rules on the challenge, all parties shall continue to afford the material in question the fullest extent of protection under this Order. If the Designating Party does not provide the Receiving Party its portion of the Joint Stipulation within twenty-one (21) calendar days of receiving written notice under this paragraph, then the challenged material shall no longer be determined to be CONFIDENTIAL or HIGHLY CONFIDENTIAL.

G.  **Access to and Use of Protected Material**

 1. <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced in connection with this case only for prosecuting, defending or

attempting to settle this case, and for no other proceedings or purpose. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order, unless otherwise ordered by the Court or approved by the Designating Party in writing. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section J.2. below ("Final Disposition").

2. <u>Disclosure of CONFIDENTIAL Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the Parties;

(c) retained Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound";

(d) undisclosed consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound";

(e) any person who has signed the "Acknowledgment and Agreement to Be Bound" and (i) was involved in the preparation of the document or other medium containing the CONFIDENTIAL Information or who is shown on the face of the CONFIDENTIAL information to have authored or received it (but then may only be shown those specific portions of the CONFIDENTIAL information the person authored) (ii) who is specifically referenced by name and substantively

discussed in the CONFIDENTIAL material (but then may only be shown those specific portions of the CONFIDENTIAL information in which the person is referenced) or (iii) is known to be a former employee of the Designating Party and believed to have been involved in the activities reflected in the document during the time of former employment (but then may only be shown those specific portions of the CONFIDENTIAL information related to the activities in which the former employee was involved);

    (f)    the Court and its personnel if reasonably necessary to support a Party's filing in this litigation, and subject to any agreement the Parties may later make concerning the filing of documents consistent with the Rules of Court;

    (g)    court reporters and their staffs to whom disclosure is reasonably necessary for this litigation;

    (h)    Professional Vendors to whom disclosure is reasonably necessary for this litigation, and who have signed the "Acknowledgment and Agreement to Be Bound";

    (i)    any special masters and/or mediators utilized in this litigation, and their employees and agents; and

    (j)    other persons only after (i) notice to all parties and upon order of the Court, or (ii) upon consent of the Producing Party.

Any "Acknowledgment and Agreement to Be Bound" signed by persons receiving Protected Material shall be maintained by counsel who provided the Protected Material to such persons and shall not be subject to disclosure except by Court order or by agreement. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of one (1) year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

3.    <u>Disclosure of HIGHLY CONFIDENTIAL Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a

Receiving Party may disclose any information or item designated HIGHLY CONFIDENTIAL only to:

    (a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

    (b) the Parties;

    (c) retained Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound";

    (d) undisclosed consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound";

    (e) any person who has signed the "Acknowledgment and Agreement to Be Bound" and is shown on the face of HIGHLY CONFIDENTIAL information to have authored or received it (but then may only be shown those specific portions of the HIGHLY CONFIDENTIAL information the person authored or received);

    (f) the Court and its personnel if reasonably necessary to support a Party's filing in this litigation, and subject to any agreement the Parties may later make concerning the filing of documents consistent with the Rules of Court;

    (g) court reporters and their staffs to whom disclosure is reasonably necessary for this litigation;

    (h) Professional Vendors to whom disclosure is reasonably necessary for this litigation, and who have signed the "Acknowledgment and Agreement to Be Bound";

    (i) any special masters and/or mediators utilized in this litigation, and their employees and agents; and

    (j)  other persons only after (i) notice to all parties and upon order of the Court, or (ii) upon consent of the Producing Party.

    (k)  Any "Acknowledgment and Agreement to Be Bound" signed by persons receiving Protected Material shall be maintained by counsel who provided the Protected Material to such persons and shall not be subject to disclosure except by Court order or by agreement. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of one (1) year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

**H.**  **Protected Material Subpoenaed or Ordered Produced in Other Litigation**

  If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as CONFIDENTIAL or HIGHLY CONFIDENTIAL, the Receiving Party must notify the Designating Party or its Counsel in writing immediately and in no event more than five (5) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

  The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is subject to this Confidentiality Order. In addition, the Receiving Party must deliver a copy of this Stipulated Confidentiality Order promptly to the party in the other action that caused the subpoena or order to issue.

  The purpose of imposing these duties is to alert the interested parties to the existence of this Confidentiality Order and to afford the Designating Party in this case an opportunity to protect its confidentiality interests in the court from which the subpoena or order was issued. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## I. Non-Party Protection

A non-party to this action who desires protection of any discovery obtained from it in this action may obtain such protection under this Order by executing and serving on each Party a copy of the "Acknowledgment and Agreement to Be Bound," and filing the executed copy with the Court.

## J. Unauthorized Disclosure of Protected Material

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Confidentiality Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve both the Protected Material and all Secondary Materials, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons execute the "Acknowledgment and Agreement to Be Bound."

If a Party has actual knowledge that Protected Material is being used or possessed by a person not authorized to use or possess that material, regardless of how the material was disclosed or obtained by such person, the party shall provide immediate written notice of the unauthorized use or possession to the Designating Party. The Designating Party reserves all of its rights, including but not limited to the right to seek sanctions for unauthorized disclosure of Protected Material.

(a) <u>Filing or Discussing Protected Material in Open Court</u>. Without written permission from the Designating Party, or a court order secured after appropriate notice to all interested persons, a Party may not file (except under seal or in an application to file under seal, which application shall be filed in compliance with the Local Rules) or discuss in open court any Protected Material in the public record of this action. A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5.

Consistent with Local Civil Rule 79-5, documents designated

13

CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be labeled as such, be filed under seal, and any motion discussing such documents must be either filed under seal or partially under seal. The cover page of such document shall also bear the legend "FILED UNDER SEAL." Only those portions of such documents and materials containing or reflecting CONFIDENTIAL or HIGHLY CONFIDENTIAL information shall be considered as such, and may be disclosed only in accordance with this Order.

No Party or other person may have access to any sealed document from the files of the Court without an Order of the Court. This provision does not relieve the filing party of serving the document on other parties in accordance with ordinary procedures established by the civil and local rules or Court order. Documents filed under seal may be unsealed upon a properly noticed and heard motion to the Court and Court-ordered relief.

2. <u>Final Disposition</u>. Unless otherwise ordered by the Court or agreed to in writing by the Producing Party, within sixty (60) days after the final termination of this action, each Receiving Party must return or destroy all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes Secondary Materials. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any Secondary Materials. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Confidentiality Order as set forth in Section D ("Duration") above.

## K. Miscellaneous

1. <u>Right to Further Relief</u>. Nothing in this Order limits the right of any person to seek its modification by the Court in the future. Moreover, nothing in this Order shall prevent a Producing Party or Designating Party from obtaining a further or different protective or confidentiality order that governs its production of material either by stipulation or Court order. Motions to modify this Order shall be served and filed in compliance with the Local Rules, the presiding judge's standing orders, or other relevant orders.

2. <u>Right to Assert Other Objections</u>. By stipulating to this Confidentiality Order, no Party waives any rights it otherwise would have to object to disclosing or producing any information or items on any ground not addressed in this Stipulated Confidentiality Order. Similarly, no Party waives any right to object on any ground relating to the admissibility of the material covered by this Confidentiality Order.

3. <u>Applicable Law</u>. The Order is subject to the Local Rules of the Central District of California and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Confidentiality Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Stanwood v. Mary Kay Inc.*, No. sacv 12-0312 CJC (ANx). I agree to comply with and to be bound by all the terms of this Stipulated Confidentiality Order and I understand and acknowledge that failure to comply could expose me to sanctions and punishment in the nature of contempt. I agree that I will not disclose in any manner any information or items that are subject to this Stipulated Confidentiality Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Confidentiality Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
[printed name]

Signature: _____
[signature]

Agreed April 18, 2013:

/s Scott H. Sims
EAGAN AVENATTI, LLP
Michael J. Avenatti (CA SBN 206929)
mavenatti@eaganavenatti.com
Scott H. Sims (CA SBN 234148)
ssims@eaganavenatti.com
450 Newport Center Drive, 2nd Floor
Newport Beach, CA 92660
Telephone: (949) 706-7000
Facsimile: (949) 706-7050

THE X-LAW GROUP, P.C.
Filippo Marchino (CA SBN 256011)
filippo.marchino@xlawx.com
Damon Rogers (CA SBN 263853)
damon.rogers@xlawx.com
11100 Santa Monica Blvd., Suite 150
Los Angeles, CA 90025
Telephone: (213) 536-4298
Facsimile: (213) 226-4691

*Counsel for Plaintiff*

/s James L. Zelenay, Jr.
M. SEAN ROYALL (pro hac vice)
SRoyall@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1600 McKinney Ave., Suite 1100
Dallas, Texas 75201
Telephone: 214.698.3100
Facsimile: 214.571.2900

THEANE EVANGELIS (SBN 243570)
TEvangelis@gibsondunn.com
JAMES L. ZELENAY, JR. (SBN 237339)
JZelenay@gibsondunn.com
BRADLEY J. HAMBURGER (SBN 266916)
BHamburger@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California 90071-3197
Telephone: (213) 229-7726
Facsimile: (213) 229-6726

*Attorneys for Defendant*
MARY KAY INC.

**IT IS SO ORDERED.**

DATED: April 18, 2013

_____
The Honorable Arthur Nakazato
United States Magistrate Judge

17

[PROPOSED] STIPULATED CONFIDENTIALITY ORDER